1  Robert C Weems (SBN 148156)
   WEEMS LAW OFFICES
2  526 3rd St., Ste. A-2
   San Rafael, CA 94901
3  Ph: 415.881.7653
   Fx: 866.610.1430
4  Email: rcweems@weemslawoffices.com

5  Attorney for Plaintiff,
   MATTHEW JAMES FERRARIS

6

7               IN THE UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10 | MATTHEW JAMES FERRARIS,           | No. 2:21-CV-00132-CKD
11 |     Plaintiff,                    |
12 |                                   | STIPULATION AND ORDER RE
   | v.                                | ATTORNEY FEES
13 |                                   |
14 | COMMISSIONER OF SOCIAL SECURITY,  |
   |     Defendant.                    |
15

16     IT IS HEREBY STIPULATED by and between the parties through their undersigned

17 counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses

18 in the amount of SIX THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($6,500.00)

19 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C.

20 § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff

21 by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

22     After the Court issues an order for EAJA fees to Plaintiff, the government will consider

23 the matter of Plaintiff's assignment of EAJA fees to his counsel. Pursuant to *Astrue v. Ratliff*, 560

24 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are

25 subject to any offset allowed under the United States Department of the Treasury's Offset

26 Program. After the order for EAJA fees is entered, the government will determine whether they

27 are subject to any offset.

28     ///

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's claim for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

| WEEMS LAW OFFICES | PHILLIP A. TALBERT |
| --- | --- |
|  |    United States Attorney |
|  | EDWARD A. OLSEN |
|  |    Assistant United States Attorney |
|  | PETER THOMPSON |
|  |    Acting Chief Counsel, Region IX |
|  |    Social Security Administration |
|  | CAROL S. CLARK |
|  |    Sp. Asst. U.S. Attorney |

/s/Robert C. Weems                        By:     /s/ Carol S. Clark
ROBERT C. WEEMS,                                CAROL S. CLARK
Attorney for Plaintiff                                   Sp. Asst. U.S. Attorney,
MATTHEW JAMES FERRARIS                 Attorney for Defendant
                                                                (per email authorization 6/14/22)

**ORDER**

IT IS SO ORDERED.

Dated:  June 16, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE